```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                                                                       :
              -v-                                                      :     15 Cr. 95 (JPC)
                                                                       :
ANDERSON ROSS,                                                         :     MEMORANDUM OPINION
                                                                       :          AND ORDER
                          Defendant.                                   :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On May 19, 2017, the Honorable Alison J. Nathan sentenced Defendant Anderson Ross principally to a term of imprisonment of 160 months, which the Court adjusted pursuant to Section 5G1.3(b) of the United States Sentencing Guidelines for time Defendant had already served on relevant conduct, resulting in the effective imposition of a sentence of 123 months and twenty-four days,[1] to be followed by three years of supervised release.  Dkts. 1363 ("Judgment") at 2-3, 1598 ("Sentencing Tr.") at 23:9-25.  On April 5, 2022, this case was reassigned to the undersigned.  Dkt. 3333.  Defendant is currently incarcerated at Butner Medium II FCI, with a projected release date of November 7, 2025.  *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Jan. 12, 2024).

Defendant has filed a motion requesting the appointment of counsel for purposes of applying for a reduction of his sentence in light of Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively.  Dkt. 3508.  Title 18, United States Code, Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

---

[1] This sentence was to run concurrently with the undischarged state sentence that Defendant was then serving, pursuant to Section 5G1.3(b).  Judgment at 2; *see* Sentencing Tr. at 23:25-25:3.

>   Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Pursuant to Section 1B1.10(b)(1) of the Guidelines, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court first "shall determine the amended guideline range that would have been applicable to the defendant if" Amendment 821 "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id.* § 1B1.10(b)(2)(A). Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2). *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

Defendant is ineligible for a reduction in his sentence pursuant to Amendment 821. As relevant here,[2] Amendment 821 modified the calculation of "status points" under U.S.S.G. § 4A1.1. Amendment 821 struck the former "status points" provision, which had been at Section 4A1.1(d), and replaced it with language, now at Section 4A1.1(e), which instructs that, in calculating a defendant's criminal history, a court must:

>   Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice

---

[2] Defendant's motion also points to "Amendment 821 . . . Part B 'Zero-Point Offenders.'" Dkt. 3508 at 1. Amendment 821 added U.S.S.G. § 4C1.1, which provides a two-point offense level reduction for certain so-called "zero-point offenders," *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines. Because Defendant had numerous criminal history points at the time of his May 19, 2017 sentencing before Judge Nathan, he would not have been eligible for an offense level reduction under Section 4C1.1. *See* Sentencing Tr. at 6:4; Dkt. 1044 ("PSR") ¶¶ 65-72.

2

sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (effective Nov. 1, 2023); *accord* U.S.S.G. § 4A1.1(e).

At sentencing, Judge Nathan determined Defendant's offense level to be 32 and his Criminal History Category to be V, yielding a Guidelines range of 188 to 235 months' imprisonment. Sentencing Tr. at 5:25-6:6; *accord* PSR ¶¶ 33-64 (offense level), 65-72 (criminal history), 104 (Guidelines range). This Criminal History Category of V reflected ten Criminal History Points, which included two "status points" under the version of Section 4A1.1(d) in effect at the time. PSR ¶ 71 ("At the time the defendant committed the instant offense, he was under a criminal justice sentence. Accordingly, two points are added, pursuant to 4A1.1(d)."). Had Amendment 821 been in effect, Defendant's offense level would have remained 32, but he would have had nine Criminal History Points, because he would have received only one "status point" pursuant to U.S.S.G. § 4A1.1(e),[3] thus putting him in Criminal History Category IV. An offense level of 32, with a Criminal History Category of IV, would have yielded a Guidelines range of 168 to 210 months' imprisonment. *See* U.S.S.G. Ch. 5, Pt. A. Defendant's sentence of 160 months' imprisonment, however, fell below the low end of that amended range, rendering him ineligible for a sentence reduction.

---

[3] This is because Defendant otherwise had eight criminal history points calculated under subsections (a) through (d) of Section 4A1.1 and because he committed the offense in this case while "under [a] criminal justice sentence," specifically a term of post-release supervision. U.S.S.G. § 4A1.1(e); *see* PSR ¶¶ 69-71.

Because Defendant is ineligible for a sentencing reduction, there is no reason to appoint counsel. *United States v. Cirineo*, 372 F. App'x 178, 179-80 (2d Cir. 2010) (explaining that "where it [is] readily ascertainable from the record that [the defendant is] ineligible for a reduction in sentence," denial of a motion to appoint counsel to assist in filing such motion is an appropriate exercise of the district court's discretion); *accord United States v. Reddick*, 53 F.3d 462, 464-65, 465 n.2 (2d Cir. 1995). Accordingly, his motion to appoint counsel is denied. The Clerk of Court is respectfully directed to close the motion at Docket Number 3508 and to mail a copy of this Memorandum Opinion and Order to:

>Anderson Ross
>Reg. No. 77441-054
>FCI Butner Medium II
>Federal Correctional Institution
>P.O. Box 1500
>Butner, N.C. 27509

SO ORDERED.

Dated: January 12, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge